UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 8:97-CR-15-T-27TBM

TERRANCE TOMLINSON

_____/

ORDER

**BEFORE THE COURT** is Defendant's *pro se* Motion for Reduction of Sentence (Dkt. 187). Upon consideration, Defendant's motion is DENIED.

After a jury trial, Defendant was found guilty of conspiracy to distribute and to possess with the intent to distribute fifty (50) grams or more of crack (Count One); possession with the intent to distribute 50 grams or more of cocaine base (Count Two); possession with the intent to distribute cocaine (Count Three); knowingly opening and maintaining a dwelling for the purpose of manufacturing, distributing and using cocaine and cocaine base (Count Four).

At sentencing, based on a total offense level of 34 and a criminal history category of IV, the guideline imprisonment range would have been 210-262 months imprisonment. However, the offense of conviction carried a minimum mandatory term of imprisonment of 240 months. 21 U.S.C. § 841(b)(1)(A). Accordingly, 240 months became the low end of his guideline range. Defendant was sentenced to 240 months imprisonment as to all counts, concurrent. (See Dkts. 109, 111).

Pursuant to 18 U.S.C. § 3582(c)(2), a sentence may be adjusted where a defendant's sentencing guideline range is subsequently lowered as a result of an amendment to the Guidelines Manual. U.S.S.G. § 1B1.10(a)(1). For eligible defendants convicted of cocaine base offenses, Amendment 706 has the effect of lowering the base offense level by two levels. The procedure for implementing the amendment is established in § 1B1.10(b), which instructs that the district court "shall" determine the "amended guideline range that would have been applicable to the defendant

if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time of sentencing." The first step, therefore, in determining Defendant's eligibility for the two level adjustment is to determine what effect Amendment 706 would have on Defendant's sentencing guideline range, if it had been in effect at the time of his sentencing.

As Defendant is subject to a statutory minimum mandatory term of 240 months, Amendment 706, even if it had been in effect the time of Defendant's sentencing, would not have lowered the applicable sentencing guideline range. Accordingly, § 3582(c) does not authorize a reduction in his sentence. "A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10, comment. (n.1(A)); *see United States v. Eggersdorf,* 126 F.3d 1318, 1321 (11th Cir. 1997), *cert. denied,* 523 U.S. 1013 (1998); *United States v. Dimeo,* 28 F.3d 240 (1st Cir. 1994); *United States v. Williams,* 103 F.3d 57 (8th Cir. 1996); *United States v. Johnson,* 517 F.3d 1020 (8th Cir. 2008); *United States v. Goodman,* 2008 WL 616100 (M.D. Fla. 2008). Therefore, it is

**ORDERED AND ADJUDGED** that Defendant's *pro se* Motion Seeking Modification of Sentence (Dkt. 187) is DENIED.

**DONE AND ORDERED** in chambers this 16th day of April, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Defendant, #21169-018, FCI PETERSBURG LOW, FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 1000,
    PETERSBURG, VA 23804
Office of the Federal Public Defender
Office of the United States Attorney
U.S. Probation Office